IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2021

## JAMES R. WILSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 20-CV-22        Michael E. Spitzer, Judge**

_____

### No. M2021-00419-CCA-R3-HC

_____

In 1999, a Davidson County jury convicted the Petitioner, James R. Wilson, of first degree felony murder and especially aggravated robbery. His convictions were affirmed on appeal, as was the subsequent denial of his petition for post-conviction relief. The Petitioner's first *habeas corpus* petition was denied, and the denial was affirmed on appeal. While this petition was still pending, the Petitioner filed a writ of error *coram nobis*, which the court summarily dismissed, and the dismissal was affirmed on appeal. The Petitioner filed this, his second petition for *habeas corpus* relief contending that the he was entitled to relief based upon the State's oral motion to amend the indictment to change the offense date from November 14 to November 13. The *habeas corpus* court summarily dismissed the petition. Shortly thereafter, the Petitioner filed a "Motion for New Trial." Several months later, he requested a hearing on his motion. The State opposed the motion, stating that there was no procedure by which the Petitioner could file a "Motion for New Trial" from the *habeas corpus* proceeding and stating the Petitioner's claims were meritless. The *habeas corpus* court agreed and denied the "Motion for New Trial." On appeal, the Petitioner contends that the *habeas corpus* court erred because it improperly dismissed his *habeas corpus* petition. After a thorough review of the record and relevant authorities, we conclude that the Petitioner did not timely file his notice of appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

James R. Wilson, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward and Jonathan H. Wardle, Assistant Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

# OPINION
## I. Facts

In 1999, a Davidson County jury convicted the Petitioner of first degree felony murder and especially aggravated robbery. The trial court sentenced him to life for the murder conviction and to twenty years for the robbery conviction. This court affirmed the convictions on appeal. *State v. James R. Wilson,* No. M2000-00760-CCA-R3-CD, 2002 WL 1050259, at *1-5 (Tenn. Crim. App., at Nashville, May 24, 2002), *perm. app. denied* (Tenn. Nov. 12, 2002).

In October 2003, the Petitioner filed a petition for post-conviction relief, which the post-conviction court dismissed. This court affirmed the post-conviction court on appeal. *James R. Wilson v. State*, No. M2004-09333-CCA-R3-PC, 2005 WL 1378770, at *1 (Tenn. Crim. App., at Nashville, June 10, 2005), *perm. app. denied* (Tenn. Oct. 31, 2005).

In November 2005, the Petitioner filed a petition for *habeas corpus* relief in federal district court. *See James R. Wilson v. Brandon*, No. 3:05-1010, 2006 WL 1083427, at *1 (M.D. Tenn. Apr. 21, 2006). The district court denied his petition. *Id.*

On March 7, 2016, the Petitioner filed a petition for *habeas corpus* relief. *James R. Wilson v. State*, No. M2016-00860-CCA-R3-HC, 2016 WL 6493234, at *1 (Tenn. Crim. App., at Nashville, Nov. 2, 2016), *perm. app. denied* (Tenn. Mar. 9. 2017). In his petition he contended that the trial court erred by amending the indictment with language that did not comport with his indictment. The trial court dismissed his petition, this court affirmed, and the Tennessee Supreme Court denied the Petitioner's application to appeal.

On June 22, 2016, while his *habeas corpus* petition was pending, the Petitioner filed a petition for a writ of error *coram nobis*. *James Wilson v. State*, M2016-01493-CCA-R3-ECN, 2017 WL 2192079, at *1 (Tenn. Crim. App., at Nashville, May 17, 2017). He claimed that certain TBI documents used in his trial were fabricated. The *coram nobis* court summarily dismissed the Petition, and this court affirmed. *Id.*

On June 8, 2020, the Petitioner filed this, his second, petition for *habeas corpus* relief while the first was still pending. In it he contended that at the conclusion of the trial the State orally moved to change the date of the offenses from November 14, 1997, to November 13, 1997. He objected, but the trial court granted the State's motion. He argued that the change left him "without the ability to effectively defend himself, as he could not possibly know to defend himself against a charge that occurred on 13th day of November, 1997."

The State moved to dismiss the petition, contending that the Petitioner had not

complied with the procedural requirements of *habeas corpus* petitions and had failed to state a cognizable claim for relief. The State's response notes that the Petitioner failed to mention that he had previously filed a similar petition and that it was dismissed. The Sate asserted that the Petitioner's petition should be dismissed on these procedural grounds. It further alleged that the Petitioner had not proven that he was entitled to relief because his petition failed to state a claim for *habeas corpus* relief. The State asserted that the Petitioner's claim that his conviction was void because the trial court permitted the State to amend the date of the murder listed on the indictment after jeopardy had been attached was a claim that this court had held "many times" rendered a judgment voidable and not void.

The Petitioner responded, stating that his claims were not, in fact, similar to those previously presented.

On August 20, 2020, the *habeas corpus* court filed an order summarily dismissing the Petitioner's petition. The court noted that the Petitioner's second *habeas corpus* petition failed to recite the history of his efforts to overturn his conviction and the previous dismissals of those efforts. It asserted that he failed to attach relevant documents from both his federal and state filings. The court found that such failure was a fatal flaw and subjected his petition to summary dismissal. The *habeas corpus* court went on to find that the change of the date "did not create a new charge after jeopardy attached, was harmless and did not void the judgment." It, therefore, summarily dismissed the Petition.

On August 31, 2020, the Petitioner filed a "Motion [t]o Strike." In it, he asked the trial court to sanction the State's attorney for introducing "irrelevant and impertinent information." The Petitioner noted that the State's attorney had cited multiple appeals and introduced excerpts from various appeals that were "irrelevant" to the instant case other than to "contaminate" these proceedings.

On September 3, 2020, the Petitioner filed a "Motion for New Trial" pursuant to "Rule 33 of the Tennessee Rules of Criminal Procedure." In this filing, he asserted that the *habeas corpus* court failed to address the "heart of his [*habeas corpus*] claim." He again contended that he was entitled to *habeas corpus* relief.

The record evinces several other filings by the Petitioner, all of which make duplicative claims or are not obviously relevant to this appeal.

On March 31, 2021, the trial court summarily denied the Petitioner's "Motion for New Trial." On April 22, 2021, the Petitioner appealed.

## II. Analysis

3

On appeal, the Petitioner contends that that the *habeas corpus* court erred when it summarily dismissed his petition because the trial court improperly amended his indictment to reflect that the murder occurred on November 13, 1997, rather than November 14, 1997. The State contends first that the Petitioner did not timely appeal that *habeas corpus* court's ruling. It further contends that the *habeas corpus* court properly summarily dismissed the petition because the petition contained procedural defects and because it did not state a cognizable claim. We agree with the State on all accounts.

Tennessee Appellate Procedure Rule 4(a) requires that the notice of appeal be filed within thirty days "after the date of the entry of the judgment appealed from." The *habeas corpus* court entered an order summarily dismissing the petition for relief on August 20, 2020. The Petitioner needed to provide the notice of appeal to the appropriate prison official by Monday, September 21, 2020, as September 20 fell on Sunday. On September 3, 2020, the Petitioner filed a "Motion for New Trial" contending again he was entitled to *habeas corpus* relief. This filing did not toll the relevant thirty-day statute of limitations. As a result, the Petitioner's notice of appeal in connection with the *habeas corpus* court proceeding was untimely, and we decline to waive the timely filing. The appeal is dismissed.

As further support for our holding, we agree that the Petitioner's petition contained procedural defects and that it did not state a cognizable claim for relief. Article I, section 15 of the Tennessee Constitution guarantees the right to seek *habeas corpus* relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). A trial court may summarily dismiss a *habeas corpus* petition for failing to comply with the statutory requirements of a *habeas corpus* petition. *Summers*, 212 S.W.3d at 260. The procedures governing *habeas corpus* petitions are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Id.* at 259 (quoting *Archer*, 851 S.W.2d at 165). Tennessee Code Annotated section 29-21-107(b)(4) provides that a *habeas corpus* petition "shall state . . . [t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure to do so." The Petitioner failed to include a copy of his multiple previous filings, including a previous petition for *habeas corpus* relief. As such, his petition contained procedural defects, and the *habeas corpus* court did not err by summarily dismissing it.

Finally, the Petitioner's petition did not contain a cognizable claim for relief. The determination of whether *habeas corpus* relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the

4

findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation preventing a *habeas corpus* petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a *habeas corpus* petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition of *habeas corpus* without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in *State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed*; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

An improperly amended indictment renders a judgment voidable and not void. *Joseph S. McNair, Jr. v. Bert Boyd, Warden*, No. E2019-01524-CCA-R3-HC, 2020 WL 3542239, at *1 (Tenn. Crim. App., at Knoxville, June 30, 2020). Therefore, the Petitioner's contention that the trial court improperly allowed the State to amend the indictment by changing the murder date from November 14, 1997 to November 13, 1997, is not grounds for *habeas corpus* relief, and, therefore, the *habeas corpus* court's summary dismissal was appropriate.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude that the Petitioner did not timely appeal the *habeas corpus* court's dismissal of his petition. As such, the appeal is dismissed.

_____
ROBERT W. WEDEMEYER, JUDGE